**CLIFTON, Plaintiff-Appellee, v INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6556. Decided December 13, 1945.

B. Wm. Heidkamp, Joseph A. Roach, Cincinnati, for plaintiff-appellee.

Hugh S. Jenkins, Columbus, C. Yearick, Columbus, Edward A. Schott, Cincinnati, for defendant-appellant.

## OPINION

By THE COURT:

In a trial to the court without a jury, plaintiff was found entitled to participate in the Workmen's Compensation Fund. This is an appeal on questions of law.

One Reynolds was general contractor for the construction of a number of houses in a certain locality and was amenable to and complied with the Workmen's Compensation Law.

The following agreement was executed between Reynolds and one Vernon White:

"October 26 '40.

I propose to sub contract from Roy Reynolds, Gen Contractor, the carpenter labor required on one family houses being built on Gehrum Sub. Div. Plans No. 21 & No. 23. Work to be done in three parts. Part one sub floor read' for brick work. Second part roofed in ready to lath and ready to prime in or ready to stucco and set stairs to 2" floor. Part 3 the finish except Hardwood floors. I agree to assume all risks and taxes due to my part of this contract. Pay first part ($30.00) on 1" draw. Second part $145.00 on 2" inspection of

the F. H. A. and the 3" part on the final inspection of the F. H. A. Fifty ($50.00) Dollars.

VERNON WHITE. sub contractor

ACCEPTED 10/28 '40    ROY REYNOLDS    Gen. contractor."

On December 6, 1940, plaintiff's decedent, in the employ of White, fell off a broken scaffold, receiving injuries from which he died on December 26, 1940.

Plaintiff contends deceased was actually an employee of Reynolds, or, if not actually so, an employee within the meaning of §1465-61 GC, which reads:

"The term 'employe,' 'workman' and 'operative" as used in this act shall be construed to mean:

* * *

"3. Every person in the service of any independent contractor or sub-contractor who has failed to pay into the state insurance fund the amount of premium determined and fixed by the industrial commission of Ohio for his employment or occupation, or to elect to pay compensation direct to his injured and to the dependents of his killed employes, as provided in §1465-69 GC, shall be considered as the employe of the person who has entered into a contract, whether written or verbal with such independent contractor unless such employes, or their legal representatives or beneficiaries elect, after injury or death, to regard such independent contractor as the employer."

This section has been construed to apply only to employers amenable to the **Workmen's Compensation Law. Ind. Com. v Everett, 108 Oh St 369.**

Defendant contends deceased was the employee of an independent contractor employing less than three men, hence, not amenable to the Workmen's Compensation Act.

In determining whether or not the relationship of independent contractor or that of service exists, the Supreme Court has said in **Firestone v Industrial Commission, 144 Oh St, 398,** in the first paragraph of the syllabus:

"Whether one is an independent contractor or in service depends upon the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of

master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created. (**Gillum v Industrial Commission, 141 Oh St.**, 373, approved and followed.)"

Full discussion and citation of authorities is contained in the Gillum case, supra, rendering repetition here unnecessary.

The evidence here consists of the contract with White—receipts of White for payment as the work progressed and numerous cumulative exhibits of identical import, evidencing contracts between Reynolds and other carpenters—brick masons and workmen parceling out the various phases of the construction work. From these exhibits, plaintiff would infer that Reynolds sought to circumvent compliance with the Workmen's Compensation law and deceased was really an employee of his. Also certain affidavits in compliance with the mechanic's lien laws are relied upon to show White was not an independent or sub-contractor. The Courts should be alert to discern and prevent circumvention of the law in a proper case within the judicial power without invading the prerogatives of the legislative field. Careful examination of the record here, however, discloses nothing tending to show the contract with White as fictitious or as expressing anything other than the real arrangement the parties believed they were making, nor does this Court find any evil inference to flow from the fact of the existence of other similar contracts in connection with the construction of the numerous buildings involved. The affidavits referred to, supra, are made in the light of money due at the time of their execution and do not offer the probative evidence claimed by the plaintiff—White and Reynolds both testify in vindication of the independent contractor relationship and there is no evidence in the record of an opposite import.

We, therefore, conclude from the evidence here that the contract in this case created the relationship of independent contractor and not of service.

In that event, plaintiff contends White was amenable to the Workmen's Compensation law and §1465-61 GC, applies.

The record discloses the names of various persons, one a former partner; others, mere employees of White, but fails to show employment of the requisite three by White at any given time.

There being no evidence to sustain the claim of plaintiff, it was error for the Court to overrule defendant's motion for judgment, made at the conclusion of plaintiff's case and re-

newed at the close of all the evidence, and for judgment notwithstanding the finding of the court.

The judgment is therefore reversed, and final judgment entered in this Court for the defendant, at the cost of plaintiff, and the cause will be remanded to the Court of Common Pleas for execution of this judgment. `

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur.